**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

Saul Hernandez-Ortiz,

Petitioner,

v. Case No: 2:26-cv-03076-BCL-atc

Christopher Bullock, Director, New Orleans Field Office, U.S. Immigration and Customs Enforcement, in his official capacity, et al.,

Respondents.

---

**ORDER DENYING PETITION**

---

Petitioner filed for a writ of habeas corpus seeking immediate release or a bond hearing. Doc. 1 at 14–15. At the Court's direction, Respondent provided a response. Doc. 7. For the reasons that follow, the Petition is **DENIED**.

The Petition is denied for failure to exhaust administrative remedies. Respondent notes that "on June 17, 2026 – just over a month after being detained – the immigration judge in petitioner's case conducted a bond hearing and denied bond after determining that Petitioner presented a danger to the community –presumably in part, due to his conviction for driving under the influence. To date, Petitioner has filed neither a motion to reconsider the immigration judge's bond determination nor an appeal of the judge's order." Doc. 7 at 4. So Petitioner is asking this Court to step in and bypass key parts of the administrative process, including the Board of Immigration Appeals ("BIA"). That is inappropriate—particularly where, as here, Petitioner has had an individualized bond hearing and, being dissatisfied with the result, has avenues for further

individualized review, all pursuant to and subject to the Sixth Circuit decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026).

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). While exhaustion is prudential in this context, exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

In his Reply, Petitioner argues that exhaustion should be excused because, in his view, the BIA has prejudged the issue and will not grant him relief. Apparently, Petitioner means (or at least primarily means) that the BIA will hold Petitioner categorically ineligible for a bond. Doc. 8 at 2–3. Petitioner has offered no basis supporting that belief, which is flatly inconsistent with the Immigration Court's conduct of providing an individualized bond hearing and Respondent's position here that "this case is covered by the Sixth Circuit's recent decision in *Lopez-Campos v.*

*Raycraft*, 2026 WL 1283891 . . . (6th Cir. May 11, 2026)," which held that at least some noncitizens are entitled to individualized bond determinations under 8 U.S.C. § 1226. And that is over and on top of the presumption of regularity to which the politically accountable Executive Branch is rightly entitled. *See Ortiz Rodriguez v. Bondi*, No. 25-3757, 2026 WL 674217, at *2 (6th Cir. Mar. 10, 2026). And to the extent Petitioner means only to argue that he is unlikely to succeed before the BIA that does not suffice to excuse the need for exhaustion because "the crucial inquiry [is] whether the agency can provide the relief requested if the argument succeeds, not whether it is likely to succeed." *Smith*, 178 F.4th at 325 (emphasis added).

Petitioner also asserts in passing that exhaustion should not be required because he is pursuing a constitutional claim, but his constitutional claim insists that he is entitled to a bond hearing—which he has now received, rendering the claim moot. Doc. 1 at 11–13. Moreover, it would violate elementary principles of constitutional avoidance to allow noncitizens to skip straight to adjudication of constitutional claims in federal court, bypassing entirely proceedings before the immigration court and BIA which might decide the case on other grounds making it unnecessary to reach the constitutional issues. This side of the looking glass, the long-standing doctrine of constitutional avoidance should not be scrapped in service of excusing a class of litigants from the separation-of-powers-protecting exhaustion doctrine.[1] *See, e.g.*, *Pearson v. Callahan*, 555 U.S. 223, 241 (2009) (extolling "older, wiser judicial counsel not to pass on questions of constitutionality unless such adjudication is unavoidable").

[1] Petitioner cites *Sterkaj v. Gonzales*, 439 F.3d 273 (6th Cir. 2006), but it is not to the contrary. The noncitizen in *Sterkaj* had obtained an adjudication from an immigration judge. And the Sixth Circuit held that noncitizens must present to the BIA those constitutional errors it can correct—such as, here, requiring a bond hearing. *Id.* at 279. Moreover, the Court did not suggest that a court should proceed straight to constitutional claims when the immigration tribunals might resolve the case on nonconstitutional grounds.

Petitioner must exhaust his remedies before the Immigration Court and the Board of Immigration Appeals, before seeking judicial relief.

**CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. This case is **DISMISSED**. The Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 1st day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE